**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No.: 1:23-cr-00368-TNM-1 |
| | : | |
| JUSTIN LEE | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT JUSTIN LEE'S RESPONSE TO MOTION *IN LIMINE*
REGARDING VIDEO MONTAGE EVIDENCE**

Justin Lee, defendant, by counsel, in response to the Government's Motion in Limine Regarding Video Montage Evidence.[1]  The defendant states:

1.      The defendant objects to the Government's video montage evidence upon the grounds that the evidence is not relevant to prove the defendant's guilt. F.R.Evid. 401 ("Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact in consequence in determining the action"). Additionally, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. F.R.Evid. 403.

2.      In this case, the Government alleges that the defendant entered and remained in restricted grounds of the Capitol, and that he engaged in disorderly and disruptive conduct and committed acts of violence in in violation of the provisions of 18 U.S.C. §1752 (Count Three through Count Five)  and 40 U.S.C. §5104 (Counts Six and Seven).  The Government also alleges that the defendant obstructed a law enforcement officer during a civil disorder in violation of 18

---

[1] This motion was not filed on 05/03/24 when it was due because defense counsel was unable to view the montage video until 05/06/2024.  His secretary was on leave and unreachable on 05/03/24. Without her assistance, counsel lacked the means of obtaining a code to gain access to the montage video.  Government's counsel, who was aware of counsel's difficulty, did all they could to assist.

1

U.S.C. §231 (Count Six) and that he assaulted the officer in violation of 18 U.S.C. §111(a)(1)(Count Seven).

3.      The video montage shows crowds of people entering the grounds of the Capitol from the west accompanied by police audio reports of "breaches" and officers being overrun.  It also shows people forcibly entering the Capitol building on the east and west sides and overcoming the police who tried to stop them.  It shows people moving around inside the Capitol, and many of them using force or intimidation against officers who try to stop them.

4.      This footage contrasts with the defendant's conduct in several important respects. He did not enter the Capitol.  Nor did he go to the upper terraces where doors and windows were broken, and crowds entered the building -- conduct which the defendant was unaware of.  The footage creates an image that is unfair to those who exercised their rights of speech and assembly from outside the Capitol.

**ARGUMENT**

The government maintains the montage video proves an element of the offense of obstruction of a law enforcement during a civil disorder, namely, that a civil disorder was taking place at the Capitol.  But in a large area such as the Capitol and its grounds, a civil disorder going on at one site does not establish that one was going at a significant distance elsewhere on the grounds of the Capitol.  The statute defines a civil disorder as "any public disturbance involving acts of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual."  A disturbance of this kind may be taking place on one side of the Capitol and not on the other.  This does not contemplate that liability under the statute may be imposed for alleged hindrance or obstruction of the police on both.

Similarly, with respect to the charge of assaulting a law enforcement officer, the fact that others committed assaults against officers is not relevant to prove that this defendant committed an assault on a law enforcement officer in a completely different area and under different circumstances.

If the evidence is deemed relevant to these charges, its relevance is substantially outweighed by the danger of unfair prejudice. Again, much of the conduct depicted in the video is different in kind from the defendant's actions and remote from his location. In its essence, the danger here is that the defendant will be found guilty on the basis of the conduct of others over which he had no control. That is the kind of unfair prejudice which F.R.Evid. 404 was designed to prevent.

The video montage should be excluded.

   /s/ *Terrell N. Roberts, III*
Terrell N. Roberts, III
Bar ID No. 965061
*Attorney for Defendant*
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737
(301) 699-0764
(301) 699-8706 Fax
TRoberts@robertsandwood.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Response to Government's Motion in Limine regarding video montage evidence was electronically filed on May 7, 2024, via the CM/ECF File & Serve system, and an electronic copy was e-served on:

Adam Michael Dreher, Esq. &Matthew E. Vigeant, Esq.
United States Attorney's Office for the District of Columbia
601 D Street, NW
Washington, D.C. 20053

   /s/ *Terrell N. Roberts, III*
Terrell N. Roberts, III

3