**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 23-cr-368 (TNM)** |
| **JUSTIN LEE,** | |
| **Defendant.** | |

## GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this supplemental sentencing memorandum in connection with the above-captioned matter, objecting to certain Sentencing Guidelines calculations contained in the final Presentence Investigation Report, ECF No. 60.[1]  For the reasons set forth herein, the government objects to the PSR's Sentencing Guidelines analysis of Counts One through Four.

### I.    Counts One and Two

For Counts One and Two, the PSR states that the applicable offense guideline is U.S.S.G. § 2A2.4, PSR ¶¶ 35-36, which has a base offense level of 10, *id.* at ¶ 46.  However, based on the defendant's conduct, the correct guideline for Counts One and Two is U.S.S.G. § 2A2.2.  ECF No. 58 at 16 (Government's Sentencing Memorandum).

Specifically, for Count One, because there is no applicable Chapter Two Guideline in the Statutory Appendix, courts use "the most analogous guideline."  *See* U.S.S.G. § 2X5.1.  Here, that is U.S.S.G. § 2A2.4, "Obstructing or Impeding Officers."  However, U.S.S.G. § 2A2.4(c) states that "[i]f the conduct constituted aggravated assault, apply U.S.S.G. § 2A2.2(a) (Aggravated

---

[1] Unless otherwise noted, all references to the PSR are to the final PSR at ECF No. 60, whose calculations are different from those in the initial PSR at ECF No. 53.

Assault)." The Application Notes to Section 2A2.2 then define "aggravated assault" as a "felonious assault that involved … (A) a dangerous weapon with intent to cause bodily injury (i.e., not merely to frighten) with that weapon; (B) serious bodily injury; … or (D) an intent to commit another felony." U.S.S.G. §2A2.2 cmt n. 1. In determining whether the offense conduct constituted "aggravated assault," the Court "shall" determine the conduct based on, "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant." U.S.S.G. § 1B1.3(a)(1)(A). Additionally, in any "jointly undertaken criminal activity," this includes "all acts and omissions of others that were ... (iii) reasonably foreseeable in connection with that criminal activity ...." U.S.S.G. §1B1.3(a)(1)(B)(iii). Here, the defendant directly aided the violent assaults on the police line at the mouth of the tunnel by throwing a smoke grenade which obstructed the vision of officers and impeded their abilities to protect themselves, and he did so with the intent to commit another felony—that is, obstructing, impeding, or interfering with law enforcement officers in violation of 18 U.S.C. § 231(a)(3). Thus, based on the D.C. Circuit's recent holding in *United States v. Stevens*, 105 F.4th 473 (D.C. Cir. 2024), the defendant's conduct constituted aggravated assault because it was a felonious assault that involved the intent to commit another felony (e.g., Civil Disorder). *See id*. at 479 ("The commentary definition of 'aggravated assault unambiguously covers Stevens' conduct—namely, assaulting, impeding and resisting officers under Section 111(a)(1) with an intent to commit civil disorder under Section 231(a)(3)."). The applicable Guideline for the defendant's conduct is therefore U.S.S.G. § 2A2.2(a), and the base offense level is 14. *See also* ECF No. 58 at 16.

Certain adjustments and specific offense characteristics not contained in the final PSR are also applicable to the defendant's conduct under Count One. First, the specific offense characteristic for using a deadly and dangerous weapon under U.S.S.G. § 2A2.2(b)(2)(B) is

2

applicable. *See* ECF No. 58 at 15-16. Here, the defendant lit a smoke bomb, which spewed out flames and smoke, and hurled it at the police line. Given the flames and smoke emanating from the smoke bomb as it was thrown at officers, the smoke bomb closely resembled an explosive device that is capable of causing death or serious bodily injury. *See* U.S.S.G. § 1B1.1, Application Note 1(E)(ii)(I). And by throwing a flaming and smoking object at the police line, the defendant used the smoke bomb "in a manner that *created the impression* that the object was" capable of causing death serious bodily injury. *Id.* Application Note 1(E)(ii)(II) (emphasis added). U.S.S.G. § 2A2.2(b)(2)(B) adds four points to the base offense level.

Second, the Official Victim Adjustment under U.S.S.G. § 3A1.2 is applicable since the victims of the defendant's conduct were officers in the Tunnel. The defendant intentionally threw his smoke bomb at the police line, which struck MPD Officer J.S.'s shield and spewed smoke in his and other officers' faces, distracting them and making them more vulnerable to attacks from other rioters. *See* Aug. 23, 2024 Trial Tr. 5 at 19-23 ("he concededly threw a smoke bomb into a closely packed tunnel in which officers were being actively attacked by other rioters, including one who was using a baseball bat to swing at their heads"). The three other objects the defendant threw were also intentionally hurled at officers, because they had drawn Lee's ire and he wanted to make his voice heard. *See id*. at 7:20-21 ("I find he was trying to interfere with the officers…."). Finally, the defendant intentionally light checked officers with the flashlight he brought to the riot, which distracted them from defending against the repeated assaults they faced in the Tunnel. *See id*. at 8:18-22 ("I do not credit his claim that he was just trying to illuminate the area. I am looking to trial transcript Volume 2, Page 80. I find this was a further effort to interfere with the officers by blinding and disorienting them."). U.S.S.G. § 3A1.2 adds six points to the base offense level.

Third, the government agrees with the PSR that the adjustment for Obstruction under U.S.S.G. § 3C1.1 applies.  PSR ¶ 50.

Accordingly, the appropriate Guidelines analysis is:

Count One: 18 U.S.C. § 231(a)(3)

| | | |
|---|---|---|
| U.S.S.G. § 2A2.2(a) | Base Offense Level | 14 |
| U.S.S.G. § 2A2(b)(2)(B) | Use of a Dangerous Weapon | +4 |
| U.S.S.G. § 3A1.2(a)-(c) | Official Victim | +6 |
| U.S.S.G. § 3C1.1 | Obstruction | +2 |
| | **Total** | **26** |

*See* ECF. No 58 at 16.

For Count Two, the Statutory Index references two guidelines for 18 U.S.C. § 111: U.S.S.G. § 2A2.2 (Aggravated Assault) and § 2A2.4 (Obstructing or Impeding Officers).  The guidelines direct that, if Appendix A lists more than one guideline, use the "most appropriate" guideline for the offense conduct charged in the count of conviction.  *See* § 1B1.2 n.1.  Here, that is U.S.S.G. § 2A2.2 since the defendant acted (throwing the smoke bomb and then three other objects) with the intent to commit another felony, namely, to obstruct an officer during a civil disorder in violation of 18 U.S.C. § 231(a)(3).  *United States v. Sargent,* 103 F.4th 820, 827–828 (D.C. Cir. 2024); *see also Stevens*, 105 F.4th at 480.  Thus the base offense level is 14 under U.S.S.G. § 2A2.2(a).  ECF No. 58 at 17.  And for substantially the same reasons as stated above, the same specific offense characteristic and adjustments apply to Count Two, and the Guidelines analysis is:

4

Count Two: 18 U.S.C. § 111(a)(1)

| | | |
|---|---|---|
| U.S.S.G. § 2A2.2(a) | Base Offense Level | 14 |
| U.S.S.G. § 2A2.2(b)(2)(B) | Use of a Dangerous Weapon | +4 |
| U.S.S.G. § 3A1.2(a)-(c) | Official Victim | +6 |
| U.S.S.G. § 3C1.1 | Obstruction | +2 |
| | **Total** | **26** |

*See* ECF. No 58 at 17.

## II.    Counts Three and Four

For Count Three, the Statutory Appendix lists two potentially applicable guidelines provisions for a Section 1752 offense: U.S.S.G. §2A2.4 (Obstructing or Impeding Officers) and U.S.S.G. § 2B2.3 (Trespass).  The Introduction to the Appendix states that, if "more than one guideline is referenced for a particular statute, use the guideline most appropriate for offense conduct."  Here, U.S.S.G.  § 2B2.3, which applies to trespass offenses, is the most appropriate guideline for 18 U.S.C.  § 1752(a)(1).  However, under U.S.S.G. §2B2.3(c)(1), "[i]f the offense was committed with the intent to commit a felony offense, apply § 2X1.1(a) (Attempt, Solicitation, or Conspiracy) in respect to that felony offense, if the resulting offense level is greater than that determined above."  The defendants' trespass was committed with the intent to commit the felony offense of Civil Disorder charged in Count One.  Thus under U.S.S.G. § 2X1.1, the base offense level is 14.  ECF No. 58 at 17.  The government agrees with the PSR that the adjustment for Obstruction under U.S.S.G. § 3C1.1 applies.  PSR ¶ 57.

Accordingly, the Guidelines analysis for Count Three is:

Count Three: 18 U.S.C. § 1752(a)(1)

| | | |
|---|---|---|
| U.S.S.G. § 2B2.3(c)(1) | Intent to Commit Another Felony | 14 |
| U.S.S.G. § 3C1.1 | Obstruction | +2 |
| | **Total** | **16** |

*See* ECF. No 58 at 17.

For Count Four, U.S.S.G. § 2A2.4, which applies to assault offenses, is the most appropriate guideline.  However, under U.S.S.G. §2B2.3(c)(1), "[i]f the offense was committed with the intent to commit a felony offense, apply § 2X1.1(a) (Attempt, Solicitation, or Conspiracy) in respect to that felony offense, if the resulting offense level is greater than that determined above."  For the reasons discussed in Count Two above, the cross reference to U.S.S.G. § 2A2.2(a) applies, and the base offense level is 14.  ECF No. 58 at 17.  The government agrees with the PSR that the adjustment for Obstruction under U.S.S.G. § 3C1.1 applies.  PSR ¶ 57.

Accordingly, the Guidelines analysis for Count Four is:

Count Four: 18 U.S.C. § 1752(a)(2)

| | | |
|---|---|---|
| U.S.S.G. § 2A2.2(a) | Aggravated Assault | 14 |
| U.S.S.G. § 3C1.1 | Obstruction | +2 |
| | **Total** | **16** |

*See* ECF. No 58 at 17.

## III.    Count Six and Grouping

The government agrees with the PSR that because Count Six is a Class B misdemeanor, the Guidelines do not apply to it.  PSR ¶ 39.  The government also agrees with how the PSR groups the Counts—e.g., Counts One and Two group, and Counts Three and Four group, PSR ¶¶ 42-43— but the government objects to the grouping calculation, PSR ¶¶ 59-62.

One unit is assigned to Group One because it is the group with the highest offense level. U.S.S.G. § 3D1.4(a). Group Two is disregarded because it is 10 levels less serious than Group One. U.S.S.G. § 3D1.4(c).  Accordingly, the combined offense level is 26 and the Total Adjusted Offense Level is 26.  ECF No. 58 at 18.

**IV.      Conclusion**

For the reasons set forth above, the government urges the Court to accept the Guidelines

calculation contained in the Government's Sentencing Memorandum, ECF No. 58.

<div style="margin-left:50%">

Respectfully submitted,

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

By:      */s/ Matthew E. Vigeant*
Matthew E. Vigeant
Assistant United States Attorney
D.C. Bar No. 144722
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20530
(202) 252-2423
matthew.vigeant@usdoj.gov

Adam M. Dreher
Assistant United States Attorney
MI Bar No. P79246
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20530
(202) 252-1706
adam.dreher@usdoj.gov

</div>